IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jasmine Bell, | ) | C/A No. 0:11-692-CMC-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Darlene Drew, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The plaintiff, Jasmine Bell ("Bell"), a self-represented federal prisoner currently housed at FCI-Bennettsville of the Federal Bureau of Prisons ("BOP"), filed this habeas corpus action pursuant to 28 U.S.C. § 2241 seeking credit toward his federal sentence or, alternatively, seeking modification of his federal sentence pursuant to United States Sentencing Guideline § 5G1.3. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion to dismiss, or in the alternative, for summary judgment. (ECF No. 14.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 15.) Bell filed a response in opposition. (ECF No. 19.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion should be granted.

## BACKGROUND

Bell was arrested on November 21, 2001 and placed in the District of Columbia Department of Corrections. On January 4, 2002, Bell began serving three misdemeanor sentences imposed by the Superior Court for the District of Columbia ("Superior Court"): (1) a 90-day sentence for marijuana possession, imposed on March 8, 2002; (2) a 180-day sentence for cocaine possession,

imposed March 22, 2002; and (3) a 180-day sentence for simple assault, imposed August 7, 2002. These sentences expired on September 27, 2002.  (See Liotti Aff. ¶ 3, ECF No. 14-1 at 1-2.)

Bell was sentenced on May 17, 2002 in the Superior Court to three years' imprisonment for possession of drug paraphernalia with intent to use and possession with intent to distribute cocaine. A separate consecutive sentence was imposed on August 7, 2002 by the Superior Court, which sentenced Bell to two years' imprisonment for attempted possession with intent to distribute cocaine. (Sentence Computation, ECF No. 14-2 at 1-2; see Liotti Aff. ¶¶ 4-5, ECF No. 14-1 at 2.)  Beginning December 10, 2002, Bell was housed by the BOP at FCI Beckley in West Virginia for service of the Superior Court sentences imposed on May 17, 2002 and August 7, 2002.[1]  However, Bell began service of his Superior Court sentences in other facilities prior to this date.  (See Liotti Aff. ¶¶ 6-7, ECF No. 14-1 at 2-3; Resp.'s Mot. to Dismiss, ECF No. 14 at 4 n.1.)

Pursuant to a writ of habeas corpus ad prosequendum filed on April 6, 2005, Bell was temporarily released to the United States Marshals Service on April 14, 2005 and was transported to the United States District Court for the District of Columbia for proceedings on criminal charges in a superseding indictment.  (See ECF No. 14-5.)

Bell pled guilty to count two of the superseding indictment and on December 1, 2006 the United States District Court for the District of Columbia sentenced Bell to 146 months' imprisonment for conspiracy to participate in a racketeer influenced corrupt organization in violation of 18 U.S.C. § 1962(d) and 18 U.S.C. 1963(a).  (ECF No. 14-2 at 2-3.)  The federal judgment was silent as to its relationship with the Superior Court sentences and was thus deemed to be consecutive

---

[1] As discussed below, BOP is responsible for execution and calculation of sentences imposed under the District of Columbia Code of Laws.  See National Capital Revitalization and Self Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (codified at D.C. Code § 24-131(a)) (placing upon BOP the responsibility of incarcerating District of Columbia Code felony offenders).

to Bell's five-year aggregated Superior Court sentence. (See 18 U.S.C. § 3584(a); Judgment, ECF No. 14-6; Liotti Aff. ¶ 9, ECF No. 14-1 at 3.) Bell's federal and Superior Court sentences were aggregated for a total sentence of seventeen years and two months' imprisonment commencing September 27, 2002, the date the Superior Court misdemeanor sentences expired. Bell was credited with forty-four days toward his aggregated sentence for the time he had spent in custody prior to the commencement of his Superior Court misdemeanor sentences. (Sentence Computation; ECF No. 14-2 at 3-4.)

Through his administrative remedies, Bell requested that BOP grant him credit for time spent in custody in the District of Columbia pursuant to the writ of habeas corpus ad prosequendum. (ECF Nos. 1-3, 1-4, & 1-5.) BOP denied Bell's request, determining that because his federal term was consecutive to his Superior Court term and the aggregated term of these sentences began on September 27, 2002, Bell had been receiving continuous credit towards his aggregated Superior Court sentence since the commencement date, including the time period while Bell was under the federal writ. (ECF No. 14-3 at 1.)

Bell filed this petition for a writ of habeas corpus on March 22, 2011. (ECF No. 1.) In Bell's Petition, he requests that the court find that he is entitled to credit toward his federal sentence for time served from March 17, 2005 to August 4, 2006.[2] (Pet., ECF No. 1 at 5-6.) Additionally, Bell requests that the court "discharge" or "adjust or run concurrently" his Superior Court convictions, which conduct he argues is directly related to his federal charges. (Id. at 6-8.)

---

[2] Bell states that March 17, 2005 was the date he was taken into custody pursuant to the federal writ and that he should receive credit from this date until August 4, 2006, the date that he entered his plea. However, the record shows that the federal writ was filed April 6, 2005 (see ECF No. 14-4 at 5; ECF No. 14-5) and the respondent avers that Bell was taken into custody pursuant to this writ on April 14, 2005 (see Liotti Aff. ¶ 8, ECF No. 14-1 at 3). Regardless of the date Bell was taken into federal custody pursuant to the writ, for the reasons that follow Bell is not entitled to any additional credit toward his federal sentence.

**DISCUSSION**

A.     **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the

court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Generally**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. See United States v. Little, 392 F.3d 671, 678-79 (4th Cir. 2004); United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence rather than the sentence itself").

**C.     Discussion**

Bell contends that he is entitled to credit toward his federal sentence for time spent while in custody pursuant to a writ of habeas corpus ad prosequendum. The respondent has moved for dismissal or, in the alternative, summary judgment, arguing that Bell has already received credit for the period of time at issue and is not entitled to any additional credit toward his aggregated sentence.

BOP has the authority to execute sentences and compute jail time, which includes computing pre-sentence credits and determining the sentence termination date. United States v. Wilson, 503 U.S. 329, 333-35 (1992). According to 18 U.S.C. § 3585(a), "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." Credit for prior custody is specifically addressed by 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

During the time period at issue, Bell was in BOP custody for his Superior Court sentence pursuant to the National Capital Revitalization and Self Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (codified at D.C. Code § 24-131(a)), which places upon BOP the responsibility of incarcerating District of Columbia Code felony offenders. Thus, BOP has the authority to compute and execute these sentences, including computing pre-sentence credits and determining the sentence termination date. Jail credit for Bell's Superior Court sentence is governed by Title 24, D.C. Code § 221.03(a), which provides, in pertinent part: "Every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody . . . as a result of the offense for which the sentence was imposed." D.C. Code § 24-221.03(a) (formerly D.C. Code § 24-431). Further, BOP has issued a Program Statement establishing procedures for computing sentences for inmates sentenced pursuant to the District of Columbia Code. See Program Statement 5880.33, District of Columbia Sentence Computation Manual (July 9, 2010) (formerly Program Statement 5880.32, reissued and reformatted without any textual changes), available at http://www.bop.gov/DataSource/execute/dsPolicyLoc (follow the "Browse Series" hyperlink on the "Inmate and Custody Management" row, then follow the "District of Columbia Sentence Computation Manual" hyperlink) (last visited Dec. 7, 2011). Paragraph 8.8 of the Program Statement discusses jail credit and provides in relevant part:

> **"In custody" time** (official detention), for jail time crediting purposes, begins on the date taken into custody on the basis of the offense for which the sentence was imposed.
>
> * * *
>
> b.  Jail time credit will be awarded, or not awarded, for the following reasons:
>   1) **Federal or non-federal arrest on the D.C. Code charge for which the sentence was imposed.** Time spent in official detention as a result of the offense for which the sentence was imposed will be awarded.

Id. (emphasis in original). Bell's appearances in federal court for federal charges were pursuant to a federal writ of habeas corpus ad prosequendum. Bell received credit toward his Superior Court sentence for all the time he spent in custody pursuant to the federal writ of habeas corpus ad prosequendum. (See Liotti Aff. ¶ 13, ECF No. 14-1 at 4; ECF No. 14-3 at 1.)

Prisoners who are in state custody and are removed on a federal writ of habeas corpus ad prosequendum are not entitled to credit on a subsequent federal sentence for the days detained in federal custody on the writ when they received the credit toward their state sentence. See United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998); Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992) (noting that, pursuant to the predecessor of § 3585, a prisoner is not in custody, but is "on loan" when he appears in federal court pursuant to a writ of habeas corpus ad prosequendum and citing a collection of case law). In this case, Bell was still serving the Superior Court sentence when he was removed pursuant to the federal writ; thus, Bell received credit toward his Superior Court sentence for all of the time he seeks in his Petition. (See Sentencing Computation, ECF No. 14-2.) To the extent that Bell seeks credit against his federal sentence, the law is clear that permitting a prisoner to receive double credit for time served would violate 18 U.S.C. § 3585(b). See Wilson, 503 U.S. at 333 ("[T]he final clause of § 3585(b) allows a defendant to receive credit only for detention time 'that has not been credited against another sentence.' "); United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993) (explaining that "[t]he record shows that [the petitioner]

received credit toward his state sentence for that same time period" and holding that BOP "properly decided not to award [the petitioner] credit for the time served, as it would have contravened the proscription in 18 U.S.C. § 3585(b) against double crediting"); Tisdale v. Menifee, 166 F. Supp. 2d 789 (S.D.N.Y. 2001) (stating that "§ 3585(b) precludes [the petitioner] from receiving 'double credit' for [the same] time on both his state and federal sentences").

Bell appears to argue that the sentencing judge stated during the sentencing proceedings that his federal sentence should be calculated to include credit for the time spent in custody pursuant to the federal writ. (ECF No. 19 at 1-2.) Bell also includes a letter from the sentencing judge's law clerk that states that "[n]o court order is needed . . . to entitle [Bell] to credit for time served from March 17, 2005." (ECF No. 1-6 at 2.) As discussed above, pursuant to federal statute, Bell is not entitled to credit toward his federal sentence if that time has been credited to another sentence. See Wilson, 503 U.S. at 333; Evans, 159 F.3d at 911-12.

In his response in opposition to the motion to dismiss, Bell states that he is "entitled to review of the sentence imposed against him" and argues that the District Court was required to explain its reasons for not adopting the arguments made by Bell's counsel, which Bell reargues in his Petition. Prior to sentencing, Bell's counsel submitted memoranda in which he presented arguments that Bell's federal sentence "would warrant either an 'adjustment' under [United States Sentencing Guideline] USSG § 5G1.3(b) if any portion of his two Superior Court sentences remained undischarged at the time of his upcoming sentencing on December 1, 2006, or . . . a downward departure under USSG §5G1.3, comment. (n.4), if the entirety of the Superior Court sentences were already discharged on December 1st." (ECF No. 14-7 at 3.) Bell's attorney also argued, in the alternative, that "USSG §5G1.3(c) would permit a partially concurrent sentence with

Bell's Superior Court sentences, dating back to the control date for Bell's incarceration in the instant case (March 17, 2005)." (Id. at 3-4.)

Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. 18 U.S.C. § 3584(a). When a defendant who is in state custody is sentenced in federal court pursuant to a writ of habeas corpus ad prosequendum, the inmate's federal sentence generally does not commence until the inmate fully discharges the state sentence and is transferred to federal custody. Thomas, 962 F.2d at 361 n.3. As the respondent argues, the record is clear that the district judge was aware that Bell was serving a Superior Court sentence during the pendency of the federal proceeding. The federal judgment makes no modification to Bell's federal sentence outside the general rule of 18 U.S.C. § 3584(a). Therefore, by the plain terms of the statute, Bell's Superior Court and federal terms run consecutively.

To the extent that Bell's Petition seeks to reargue that he is entitled to additional credit toward his federal sentence under United States Sentencing Guideline § 5G1.3(b), as pointed out by the respondent, such an argument is not appropriate in a § 2241 petition. "A challenge under the sentencing guidelines goes to an error allegedly committed by the sentencing court, as opposed to BOP in its implementation of a sentence, and is thus inappropriate for a § 2241 petition."[3] Hasan v. Sniezek, 379 Fed. Appx. 232, 235 (3d Cir. May 10, 2010); see also Roth v. Young, 270 Fed. Appx. 322, (5th Cir. Mar. 18, 2008) ("Whether the district court should have reduced his sentence

---

[3] In response to the respondent's motion, Bell appears to request that if the court agrees with the respondent's motion, the court transfer his case to the United States District Court for the District of Columbia, presumably seeking relief under § 2255. (ECF No. 19 at 2.) To the extent that this request is deemed to be a motion for a change of venue, Bell's motion is denied. Should Bell elect to file a § 2255 petition, the court expresses no opinion as to the propriety or timeliness of a § 2255 petition filed in the proper forum.

pursuant to § 5G1.3(b) is an issue that challenges the correctness of the [petitioner's] sentence; therefore, [petitioner] is not entitled to proceed under § 2241.").

## RECOMMENDATION

For the reasons stated above, the court recommends that the respondent's motion (ECF No. 14) be granted and Bell's Petition be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 7, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).